IN THE UNITED STATES DISTRICT COURT
FOR THE **DISTRICT OF NEBRASKA**

| | |
|---|---|
| ROBERT E. GREEN<br>909 North Front Street<br><br>Plaintiff,<br><br>**v.**<br><br>CONAGRA FOODS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 8:08-cv-200<br>)<br>)   Senior Judge Lyle E. Strom<br>)<br>)<br>)<br>) |

## ORDER

Whereas, the above-captioned patent infringement action (the "Action"), is likely to involve discovery of documents and testimony containing trade secrets and other confidential research, development and commercial information of the parties to this Action and third parties who may be subpoenaed to provide deposition testimony and documents, including confidential and commercially sensitive information relating to business strategies, manufacturing and distribution capabilities, sales, costs, pricing, profitability, customers, suppliers, and other business and financial data, which, if disclosed other than as specified herein, will pose a significant risk of injury to the legitimate business interests of the disclosing party, ("Confidential Information");

Whereas, this Order is necessary to protect the legitimate business interests of the disclosing parties in such Confidential Information, and good cause exists for the entry of this Order; and

Whereas, the parties have stipulated that certain discovery material be treated as confidential and this matter is before the Court with regard to Filing No. 39, a Stipulation and Joint Motion by the parties regarding this topic.  Accordingly,

IT IS ORDERED:

1.    **Scope.**  This Order shall apply to all documents, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, deposition exhibits, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Materials").

2.    **Parties.**  As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Order.

3.    **Designation of Discovery Materials as Confidential.**  All Discovery Materials produced in the course of discovery shall be subject to this Order concerning Confidential Information, as set forth below:

**(a.)**           The designation of Confidential Information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the words "CONFIDENTIAL PURSUANT TO COURT ORDER."  One who provides material may designate it as confidential when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, technical, financial or commercial information.  Except for documents produced for inspection at the party's facilities, the designation of Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of that information.  In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential.  Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents.  There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

**(b.)** Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within ten (10) business days after receipt of the final transcript. If testimony describes a document that has been designated as CONFIDENTIAL PURSUANT TO COURT ORDER, as described above, that testimony shall also be deemed to be designated as CONFIDENTIAL PURSUANT TO COURT ORDER.

**1.** **Use or Disclosure of Discovery Materials Designated as Confidential.**

**(a.)** Information or Discovery Materials designated as CONFIDENTIAL PURSUANT TO COURT ORDER under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (b) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). Nothing in this Order shall preclude a Producing Party from using or disseminating its own Confidential Information.

**(b.)** The parties, counsel for the parties, and all other persons subject to this Order shall not disclose or permit the disclosure of any information designated as CONFIDENTIAL PURSUANT TO COURT ORDER under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i.) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii.) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii.) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of litigation support, including scanning, photocopying, eDiscovery support, and related tasks, ("litigation support vendors"). Any such court reporter or litigation support vendor shall be bound by the terms of this Order.

(iv.) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit *provided that:* At least seven (7) days before such disclosure, an attorney for the Receiving Party making such disclosure ("Disclosing Party") shall serve a notice on the Producing Party identifying said individual by name and including a curriculum vitae or equivalent resume setting forth such person's present residence and business address(es), current employer and job title, any company or companies by which that individual was employed during the past five (5) years, and a list of all consulting agreements or arrangements that said individual may have entered into during the past five (5) years. The list should disclose the name and address of each such entity for which consulting work is being, or has been, performed, and the subject matter of that consulting work. If disclosure of either the identity of the entity for which the work is being performed or the subject matter of that work, or both, is deemed proprietary by the Disclosing Party, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed by the Disclosing Party, and any such information that is not deemed proprietary shall be disclosed. Such notice shall be accompanied by an executed acknowledgement from the expert to whom the disclosure is to be made, in the form of Exhibit A attached hereto, reflecting that the expert

3

has been informed of and agrees in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.  In the event that said individual enters into any subsequent consulting agreements or arrangements prior to the termination of this Action, the Disclosing Party shall promptly notify the Producing Party of such agreements or arrangements.  The Producing Party shall state any objections to the proposed disclosure to any expert and state the reasons therefor in writing to the Disclosing Party within seven (7) days of receipt of the Notice.  Upon the making of any such objection(s), the Producing Party shall have ten (10) days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) in which to challenge, by filing an expedited motion, the disclosure of Confidential Information.  Unless the Producing Party objects to the disclosure and files an expedited motion in accordance with the notice and timing provisions of this Paragraph (iv.), the Producing Party waives its right to challenge the disclosure to the identified expert(s).  Should the Producing Party timely object and file its expedited motion, Confidential Information will not be disclosed pending resolution of the expedited motion.

 **(c.)**   Except as provided in subparagraph (b) above, counsel for the parties shall keep all documents designated as "CONFIDENTIAL PURSUANT TO COURT ORDER" which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

 **(d.)**   All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL PURSUANT TO COURT ORDER" if that word does not already appear.

 **(e.)**   Counsel for any party to this Order shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Order to receive materials or information designated as "CONFIDENTIAL PURSUANT TO COURT ORDER".  Such right of exclusion shall be applicable only during periods of examination or testimony directed to "CONFIDENTIAL PURSUANT TO COURT ORDER" material.

 **2.**   **Confidential Information Filed with Court.**  To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Information, shall be filed as "Restricted Access" documents under the Court's CM/ECF system so that they will not be remotely accessible to the public and will not be available at the public terminals in the Clerk's Office, with no additional court approval needed to file such documents as restricted documents.

 **3.**   **Inadvertent Production.**  The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney work-product doctrine.  In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver.  Upon a request from a party that has inadvertently produced any document that it believes may be subject to the attorney-client privilege or attorney work-product doctrine, the Receiving Party shall return it and all copies within three (3) business days to the Producing Party. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature to the

Court in any motion to compel production of the document. Such a record of the identity and nature of a document may not be used for any purpose other than preparation of a motion to compel in this Action. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

     **4.**        **Inadvertent Failure to Designate Confidential Information.**  The inadvertent failure by a party to designate Discovery Material as "CONFIDENTIAL PURSUANT TO COURT ORDER" shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is "CONFIDENTIAL PURSUANT TO COURT ORDER" within ten (10) days from when the failure to designate first became evident to the Producing Party.  The party receiving Discovery Material that the Producing Party inadvertently failed to designate as "CONFIDENTIAL PURSUANT TO COURT ORDER" shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate.

     **(a.)**        Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph 7, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under this Order. If data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this Paragraph 7, to the extent possible, the information and/or data will be expunged and not used.

     **(b.)**        In the event of disclosure of Discovery Material designated "CONFIDENTIAL PURSUANT TO COURT ORDER" to any person not authorized to such access under this Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.  The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

     **2.**        **Challenging Designation of Confidentiality.**  A designation of confidentiality may be challenged upon motion, *provided that*

     **(a.)**        The objecting party shall first notify the Producing Party in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection; and

     **(b.)**        The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

     **(c.)**        Notwithstanding any such challenge to the designation of material as "CONFIDENTIAL PURSUANT TO COURT ORDER", all such material so designated shall be treated as such and shall be subject to the provisions of this Order until one of the following occurs: (a) the party who designated the material as "CONFIDENTIAL PURSUANT TO COURT ORDER" withdraws such designation in writing, or (b) the Court rules that the

designation is not proper and that the designation be removed.  The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

      **2.**      **Use In Court Proceeding.**  In the event that any "CONFIDENTIAL PURSUANT TO COURT ORDER" material is to be used in any court proceeding, the Producing Party may seek an appropriate protective order from the Court before its introduction, and in any event, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

      **3.**      **Return of Confidential Material at Conclusion of Litigation.**  Not later than thirty (30) days after the exhaustion of all appeals from orders and final judgments in this Action or the settlement of this Action by the parties ("Conclusion of Litigation"), all material designated as "CONFIDENTIAL PURSUANT TO COURT ORDER" under this Order and not received in evidence, including all copies and derivative works thereof, shall be returned to the Producing Party or, with advance written consent of the Producing Party, destroyed, except that each parties' outside counsel may maintain one copy of the pleadings, including exhibits thereto, for archival purposes, subject to the terms and continuing effect of this Order.  The party receiving any "CONFIDENTIAL PURSUANT TO COURT ORDER" material shall certify in writing that all other such material, including "CONFIDENTIAL PURSUANT TO COURT ORDER" material disclosed hereunder, has been returned or destroyed.  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

      **4.**      **No Waiver.**  The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.  Execution of this Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any information or documents, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in this Action or any other proceeding.

      **5.**      **Headings.**  Any headings used in this Order are for reference purpose only and are not to be used to construe or limit the meaning of any provision.


      DATED this 15th day of July, 2008

                        BY THE COURT:

                        /s/ Lyle E. Strom

                        _____
                        LYLE E. STROM
                        United States District Judge

**EXHIBIT "A"**IN THE UNITED STATES DISTRICT COURT
FOR THE **DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| ROBERT E. GREEN | )) | Civil Action No. 8:08-cv-200Senior Judge |
| Plaintiff, | )) | Lyle E. Strom |
| **v.** | )) | |
| CONAGRA FOODS, INC., | )) | |
| Defendant. | )) | |
| | ) | |

## AGREEMENT CONCERNING INFORMATION
## COVERED BY THE STIPULATED PROTECTIVE ORDER

I certify that I have read and am fully familiar with the terms of the STIPULATED

PROTECTIVE ORDER entered on _____, 2008 in the above-captioned litigation, and I agree

to be bound by its terms.  Specifically, I will not disclose or permit the unauthorized viewing or

disclosure of "CONFIDENTIAL PURSUANT TO COURT ORDER" material, as set forth in

said stipulated Order, or the information contained therein.I hereby submit to the jurisdiction of

the Court for the purpose of ensuring compliance with this stipulated Order.


Date_____          Signature_____


Printed Name_____


Address_____